UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIEF BODDEN,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
CORRECTION,

Defendant.

ORDER TO AMEND

25 Civ. 5655 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is a pretrial detainee in the custody of the New York City Department of

Correction (DOC), proceeds *pro se*. He is currently detained at the Otis Bantum Correctional

Center (OBCC) on Rikers Island but brings this action asserting claims for alleged violations of

minimum standards at the West Facility Annex, also on Rikers Island. By order dated August 16,

2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without

prepayment of fees.[1] Because any claims against DOC must be brought against the City of New

York, this Court dismisses this case as alleged against DOC. This Court grants Plaintiff leave to

file an amended complaint consistent with this order within 60 days of the date of this order.

## I.   BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff challenges conditions

at the West Facility Annex on Rikers Island. He alleges that in October 2023, four previously

condemned buildings were repainted, fenced to connect them to West Facility, and reopened as

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"West Facility Annex." (ECF 1 at 2.) Detainees and staff from the "Boat Facility" were transferred to the newly opened Annex. (*Id.*) Plaintiff alleges ongoing violations of "bare minimum standards," including overcrowding and use of variances to bypass standards. (*Id.*) In December 2024, he alleges that six extra beds were added per dorm, and in 2025, variances were approved to increase capacity. (*Id.* at 4.) Plaintiff asserts that three buildings each have 12 dorms designed for about 32 individuals, but capacity was increased to 50, and then to 56 individuals with extra beds. Plaintiff alleges that the DOC has failed to meet space and fixture ratios, including 60 square feet per person, one toilet and shower per set number of prisoners, and a 50-detainee maximum. (*Id.*)

According to Plaintiff, when programming and recreation are unavailable, or are only available simultaneously for one hour, detainees are left confined for 22 to 23 hours daily. (*Id.*) Moreover, shower water is severely hot, causing unbearable conditions, despite rules requiring safe hot and cold running water. (*Id.* at 3.) Plaintiff alleges that there is inadequate sanitation for food, and inadequate staffing, certifications, and supplies contrary to Directives 3902-R-A, 3906 R, 3905 R, 3901 R-B, 3910 R, Operation Order 16/15/1, NYC Health Code § 81, and NYS Health Codes Part 14. (*Id.* at 5-6.) He asserts that there has been noncompliance with numerous DOC directives and health codes on sanitation, housekeeping, inspections, supplies, work orders, and food. For example, Plaintiff alleges that meals must be stored at required temperatures. Plaintiff contends that detainees raised concerns about these conditions, but Deputy Warden Harvey responded that he "makes the rules here." (*Id.* at 6.) Plaintiff states that "now that a few of us [are] drawing attention to these very detr[i]mental issues that can cause one to be or become sick with conversion disorders we are now forced to suffer with retaliatory behaviors by Deputy Warden Harvey." (*Id.*)

2

Plaintiff asserts that the Board of Correction and affiliated agencies are complicit in circumventing prior court rulings intended to protect detainee safety and well-being. He contends that Rikers Island is under the jurisdiction of the New York State Corrections Commission and must uphold minimum standards for pretrial detainees. He brings claims for violations of requirements under Title 40 RCNY Chapter 1 and DOC directives for hygiene, overcrowding, and sanitation. (*Id.* at 4.) He seeks enforcement of minimum standards.

Plaintiff lists the address for West Facility at the top of his letter-complaint, but the envelope in which his complaint was submitted lists his location as OBCC, which is where he is currently detained.[3]

## II.   LEGAL STANDARD

Courts must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Courts must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still

---

[3] Plaintiff filed a change of address form on August 11, 2025, which seemed to indicate that he had been at West Facility Annex.

must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## III.   PLAINTIFF FAILS TO STATE A CLAIM

### A.   New York City Department of Correction

Plaintiff brings claims against the New York City DOC.  Under Rule 17 of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located.  *See* Fed. R. Civ. P. 17(b)(3); *see also Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)).  New York City's Charter requires suits against agencies of the City of New York to be brought against the City of New York, rather than the agency, unless state law provides otherwise.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law.").

The New York City DOC does not have the power to sue or be sued in its own name.  *See* N.Y. City Charter ch. 25, §§ 621-627 (describing structure and powers of the DOC); *Echevarria v. Dep't of Corr. Servs.*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) ("[S]uits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis.").  Any claims against the DOC must be brought against the City of New York.  The Court therefore dismisses Plaintiff's claims against the DOC because it lacks the capacity to be sued.

If Plaintiff chooses to file an amended complaint, the proper defendant for federal constitutional claims under 42 U.S.C. § 1983 against the DOC is the City of New York.  The Court notes, however, that to state a claim against the City of New York or other municipal entity, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged

4

in some wrongdoing. The plaintiff must show that the municipality itself had a policy that caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven,* 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). As explained below, however, allegations that Defendant violated state law or directives of the DOC, without more, are insufficient to state a federal claim for a violation of constitutional rights under § 1983.

## B.    Unconstitutional Conditions of Confinement

To state a claim for a violation of constitutional rights, it is not enough to allege a violation of a DOC directive or state law. *See, e.g., Pollnow v. Glennon,* 757 F.2d 496, 501 (2d Cir. 1985) ("[A] violation of state law is not cognizable under § 1983."). Rather, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins,* 487 U.S. 42, 48-49 (1988).

Plaintiff may intend to assert a claim based on his conditions of confinement. A pretrial detainee's claim for deliberate indifference to unconstitutional conditions of confinement arises under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Bell v. Wolfish,* 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro,* 849 F.3d 17, 29 (2d Cir. 2017) ("Pretrial detainees have not been convicted of a crime and thus may not be punished in any

5

manner—neither cruelly and unusually nor otherwise."). A plaintiff bringing such a claim must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious to pose an unreasonable risk to his health or safety, and (2) a "mental" element, which requires a showing that a correction official acted with at least deliberate indifference to the challenged conditions. *Darnell,* 849 at 29.

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. A correction official's negligence, however, is not a proper basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

Here, Plaintiff has not plainly alleged that conditions at West Facility Annex posed an unreasonable risk of serious damage to his own personal health or safety. First, there is some ambiguity about whether Plaintiff personally was detained at West Facility Annex and, if so, for how long. Plaintiff alleges, for example, that detainees and staff at the "Boat Facility" were transferred to West Annex, but he does not clarify whether he was one of them. Even Plaintiff's allegations that "a few of us [are] drawing attention to these very detr[i]mental issues that can cause one to be or become sick," do not clearly allege that Plaintiff himself was at West Facility

6

Annex or allege which conditions he personally faced, for how long, and under what circumstances.

Assuming that Plaintiff was subjected to some or all of the challenged conditions at West Facility Annex, he still does not allege sufficient facts to state a cognizable federal claim. Plaintiff alleges, for example, that detainees at West Facility Annex are denied recreation and sometimes confined to their housing areas for 22 to 23 hours a day. Prisoners do have a right "to a meaningful opportunity for physical exercise." *McCray v. Lee*, 963 F.3d 110, 120 (2d Cir. 2020) (collecting cases); *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996) ("[S]ome opportunity for exercise must be afforded to prisoners."). To determine whether a prisoner has been denied exercise in violation of the Constitution, courts consider: "(1) the duration of the deprivation; (2) the extent of the deprivation; (3) the availability of other out-of-cell activities; (4) the opportunity for in-cell exercise; and (5) the justification for the deprivation." *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001).

"Sporadic infringement of the right to exercise does not rise to the level of a constitutional deprivation." *Patterson v. Ponte*, No. 16-CV-3156 (PAE) (JCF), 2017 WL 1194489, at *5 (S.D.N.Y. Mar. 30, 2017). Instead, "a plaintiff must show that he was denied all meaningful exercise for a substantial period of time." *Williams*, 142 F. Supp. 2d at 425. Moreover, a "safety exception" has also been recognized which permits restrictions under "unusual circumstances," as well as to address disciplinary needs. *See Greifinger*, 97 F.3d at 704. Even if Plaintiff was personally among the detainees who were denied recreation time, he alleges no facts describing the length and frequency of, or ostensible reason for, the deprivation.

If Plaintiff files an amended complaint and brings claims for unconstitutional conditions of confinement, he must name a proper defendant and allege facts about whether he personally was

7

at West Facility Annex, what conditions he personally faced, for how long, and under what circumstances.

## IV.   LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.[4]

---

[4] Prisoners are also required to exhaust available administrative remedies before suing. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) (holding that exhaustion "is mandatory under the [Prison Litigation Reform Act (PLRA)] and . . . unexhausted claims cannot be brought in court."); *Ross*

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## V.    CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-5655 (GBD). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 31, 2026
          New York, New York

_____
GEORGE B. DANIELS
United States District Judge

---

*v. Blake*, 578 U.S. 632, 641 (2016) ("[A]ll inmates must now exhaust all available remedies: Exhaustion is no longer left to the discretion of the district court." (quotation marks and citation omitted)). Nevertheless, the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name            Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                            State                    Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 2:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 3:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

Defendant 4:

First Name            Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State              Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Case 1:25-cv-05655-GBD   Document 8   Filed 03/31/26   Page 14 of 15

---

---

---

---

---

---

---

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

---

---

---

---

---

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

---

---

---

---

---

---

---

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6